IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ROLAND J. MCKEE and
LINDA L. MCKEE
Husband and Wife,
    Plaintiffs,

v.                                    Case No. 3:06cv156/MCR/EMT

USAA INSURANCE AGENCY, INC.,
    Defendant.
_____/

**O R D E R**

       This cause is before the court upon Defendant's Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosure of Expert Testimony (Doc. 30), and Plaintiffs' Response to Defendant's Motion (Doc. 33).

       Defendant contends that Plaintiffs' October 16, 2006 disclosure of expert testimony does not comply with Federal Rule of Civil Procedure 26(a)(2), because the expert disclosures do not include any reports, opinions of the witnesses, or a list of cases in which the witnesses testified within the last four years (Doc. 30 at 1–2).  Therefore, Defendant requests that Plaintiffs Rule 26(a)(2) disclosures be stricken.

       The file reflects that Plaintiffs made their Rule 26(a)(2) disclosures on October 16, 2006 and listed six experts, the experts' addresses, and a sentence describing the nature of each expert's potential testimony (Doc. 30, Ex. A).  The experts listed by Plaintiffs include, (1) Mark Flemming, who "may have information with regard to Plaintiffs' repairs following Hurricane Dennis"; (2) Jason Baker, Contractor, who "may have information with regard to repairs made to Plaintiffs' property following Hurricane Ivan"; (3) Moses J. Robles, of Allcat Claims Service, "who may have information with regard to his adjustment of the Plaintiffs' flood claim and the damages he observed

during his adjustment"; (4) Robert Blaise, an Insurance Consultant, who "has information on the value of property damage"; (5) Jack Hodnet, of Cunningham Lindsey, who "may have information with regard to the adjustment of the Plaintiffs' wind claim following Hurricane Ivan"; and (6) Lloyd Vaughan, of USAA, who "may have information with regard to his adjustment of the Plaintiffs' flood claim and the damages he observed during his adjustment" (*id.*, Ex. A).

In their reply to Defendant's motion, Plaintiffs provide additional information on Mark Flemming, a Florida licensed general contractor (Doc. 33).  Plaintiffs state that Mr. Flemming has not prepared a written report, that they are unaware of any publications he authored, that they are unaware that he is intending to be compensated for his testimony, and that they are unaware that he has previously testified as an expert witness at trial or by deposition in the last four years (*id.*). Further, Plaintiffs state that because the subject dwelling was not the Plaintiffs' primary residence, the insurance policy provides for payment of actual costs rather than replacement costs (*id.* at 2). Plaintiffs are prepared to testify to the value of the property as owners, not as experts (*id.* at 3). Plaintiffs' response does not mention any of the other experts listed in their Rule 26(a)(2) disclosures (*see id.*).

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence."  The Rule lists additional requirements "<u>with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony</u>."  Fed. R. Civ. P. 26(a)(2)(B) (emphasis added).  In that case, the disclosure must be accompanied by a written report prepared and signed by the witness:

> The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).  The Advisory Committee Notes to the 1993 Amendments to the Rules of Civil Procedure emphasize that the written report requirement applies only to certain experts:

> For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.

Fed. R. Civ. P. 26(a)(2)(B) advisory committee's note (1993).

In the instant case, Defendant has not made the threshold showing that Plaintiffs' listed experts are "retained or specially employed to provide expert testimony." Plaintiffs are not required to provide a written report for those experts who will testify with respect to scientific, technical, and other specialized matters, but who were not retained or specially employed only to provide expert testimony. Indeed, it appears that all of the experts listed by Plaintiffs would be testifying to their own knowledge and that none of the experts were specially employed solely to provide expert testimony in this case. Therefore, Defendant's motion to strike shall be denied.

Accordingly, it is **ORDERED**:

Defendant's Motion to Strike Plaintiffs' Rule 26(a)(2) Disclosure of Expert Testimony (Doc. 30) is **DENIED**.

**DONE AND ORDERED** this 28th day of November 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**