**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**ROLAND J. McKEE and LINDA L. McKEE,**
**Husband and wife,**

       **Plaintiffs,**

v.                                       **Case No. 3:06cv156/MCR/EMT**

**USAA INSURANCE AGENCY, INC.,**

       **Defendant.**
_____/

**ORDER GRANTING SUMMARY JUDGMENT**

       In this insurance dispute plaintiffs Roland J. McKee and Linda L. McKee ("plaintiffs") sue USAA Insurance Agency, Inc. ("USAA GIC").[1] Presently before the court is USAA GIC's motion for summary judgment, plaintiffs' response, and USAA GIC's reply.[2] For the reasons given below, the court GRANTS USAA GIC's motion.

**BACKGROUND**

       The following facts are recited in the light most favorable to plaintiffs or, except as noted, are undisputed.[3] Hurricane Ivan struck the Northwest Florida area on or about

---

    [1] Defendant states in its motion that plaintiffs have improperly identified it as "USAA Insurance Agency, Inc." Because defendant refers to itself as "USAA General Indemnity Company" the court shall likewise identify it in this order.

    [2] Docs. 36, 39, and 46, respectively.
       USAA GIC has also filed several notices of supplemental authority (docs. 40, 47, and 48), and plaintiffs have filed the affidavit of Roland J. McKee (doc. 43).

    [3] At summary judgment this court must view the facts in the light most favorable to the nonmoving party. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). The court therefore does so here, drawing those facts from the pleadings, depositions, and other evidentiary materials on file. Nevertheless, the court observes that what are stated as "facts" herein for purposes of

September 16, 2004.  On that date plaintiffs' dwelling located on Pensacola Beach was insured by Standard Flood Insurance Policy ("SFIP") No. 123-39-36-90F, which was issued by USAA GIC.[4]  The storm caused severe flooding that damaged plaintiffs' dwelling.

Soon after the hurricane plaintiffs made a claim for damages with USAA GIC under their policy.  To assist plaintiffs in presenting their flood loss claim USAA GIC contacted an independent adjusting company, which assigned adjuster Moses Robles to plaintiffs' case.  Mr. Robles inspected plaintiffs' property in October 2004 and prepared an estimate of the flood damage to the building.  According to plaintiffs, Mr. Robles advised that Mr. McKee "was not required to provide any further documentation to perfect his loss . . . ." (Doc. 43-2; doc. 39 at 6).  Based upon Mr. Robles' evaluation of the damages to plaintiffs' dwelling, USAA GIC issued a check to plaintiffs in the amount of $49,985.83.  A second adjuster reinspected plaintiffs' property in December 2005 and issued a report that concluded that a supplemental payment of $1911.20 should be paid to plaintiffs.

In a January 18, 2005, letter to USAA GIC entitled "Letter of Appeal," Mr. McKee complained that the company's assessment of the flood damage to his property was "seriously inadequate. "  He requested an itemization of the cost estimates listed in the initial assessment and made a demand for a "final settlement of $120,000 for Flood damage."  (Doc. 39-4). USAA GIC issued a third adjuster's report in April 2005 but it has refused plaintiffs' demand for payment of building damages in excess of those it has previously allowed.

---

summary judgment review may not be the actual facts. See Montount v. Carr, 114 F.3d 181, 182 (11th Cir. 1997).

4 The National Flood Insurance Act of 1968, 42 U.S.C. § 4001, et seq., established the National Flood Insurance Program ("NFIP"). The Federal Emergency Management Agency ("FEMA"), which is charged with administering the NFIP, by regulation has promulgated the SFIP and provided for marketing and claims adjustment by private insurers operating as "Write-Your-Own" ("WYO") companies. 44 C.F.R. § 62.23. The WYO companies issue SFIPs in their own names as insurer, and they arrange for the adjustment, settlement, payment and defense of all claims arising from the policies, with the federal government acting as the guarantor and reinsurer. See  § 61.13(f); § 62.23(d); see also Gowland v. Aetna, 143 F.3d 951, 953 (5th Cir. 1998).

In the instant case, coverage under plaintiffs' policy was for building damage only, up to a policy limit of $144,800 with a $1000 deductible.

Plaintiffs filed this suit in April 2006.  They allege that USAA GIC breached the SFIP by failing to compensate them for covered flood losses to their property caused by Hurricane Ivan.[5]  In moving for summary judgment USAA GIC asserts that plaintiffs were required, but failed, to timely submit a complete, signed and sworn proof of loss statement in support of any claim beyond the revised adjusters reports dated December 12, 2005, and April 19, 2005.  Responding in opposition, plaintiffs maintain that the proof of loss requirements have been waived, either by FEMA's Acting Federal Insurance Administrator David I. Maurstad in a memorandum dated September 24, 2004,[6] or by Mr. Robles'

---

 5  On November 8, 2006, the parties filed a stipulation of partial voluntary dismissal and withdrawal of jury demand.  (Doc. 28).  Pursuant to the parties' stipulation, the only remaining claim is for breach of contract.

6  Mr. Maurstad's memorandum, which is entitled "Subject: Waiver of the Proof of Loss Requirement in the Standard Flood Insurance Policy (SFIP)," in its entirety provides:

> Recently, a number of States experienced catastrophic losses as a result of three hurricanes (Charley, Frances, and Ivan) within the span of a few weeks, and a fourth hurricane (Jeanne) is about to make landfall on the Southeast coast. As a result, there is a shortage of qualified adjusters available to adjust the losses resulting from these hurricanes. So, there is an urgent need to expedite claims payments to policyholders.
>
> To expedite claims payments so that policyholders affected by these circumstances are not subject to undue hardship, I am waiving the requirement in VII.J.4 of the SFIP Dwelling and General Property Forms and VIII.J.4 of the SFIP Residential Condominium Building Association Policy Form for the policyholder to file a proof of loss prior to receiving insurance proceeds. Instead, payment of the loss will be based on the evaluation of damage in the adjuster's report. This means the requirement in VII.M.1 and VIII.M.1 that losses will be payable 60 days after the insurer receives the policyholder's proof of loss (or within 90 days after the adjuster files a report signed and sworn to by the policyholder in lieu of a proof of loss) will not apply. Instead, the loss will be payable as soon as practicable after the insurer receives the adjuster's report. This procedure will allow the insurer to promptly adjust, settle, and pay claims based on the adjuster's report. Also, under the terms of this waiver, the following sections will not apply: VII.J.7, J.9, and M.2.c of the SFIP Dwelling and General Property Forms and VIII.J.7, J.9, and M.2.c of the SFIP Residential Condominium Building Association Policy Form.
>
> In the event a policy holder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss. The proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form or VII.J.4 of the SFIP Residential Condominium Building Association Policy Form. The insurer will then process the policyholder's proof of loss in its normal fashion. If the insurer rejects the proof of loss in whole or in part, the policyholder may filed a lawsuit against the insurer within one year of the date of the written denial of all or part of the claim as provided in VII.R of the SFIP

statement that no further action by plaintiffs was needed; alternatively, plaintiffs contend that Mr. McKee's January 18, 2005, letter is their proof of loss statement.  USAA GIC replies that plaintiffs misapprehend the scope and meaning of Mr. Maurstad's waiver, that under the express terms of the SFIP Mr. Robles lacked the authority to waive the proof of loss requirements, and that Mr. McKee's January 18, 2005, letter does not satisfy the proof of loss requirements.

**DISCUSSION**

The SFIP issued to plaintiffs by USAA GIC requires that plaintiffs submit proof of loss to the company in the form of a signed and sworn statement of the amount claimed under the policy.[7]  The proof of loss must be presented within sixty days after the loss and

---

Dwelling or General Property Form or VIII.R of the SRIP Residential Condominium Building Association Policy Form. For example, a policyholder who suffered a flood loss from Hurricane Charley on August 14, 2004, and disagrees with the insurer's decision based on the adjuster's report, has until August 13, 2005, to file the proof of loss detailing the area(s) of disagreement. A policyholder who suffered a flood loss from Hurricane Frances on September 7, 2004, has until September 6, 2005, to file the proof of loss detailing the area(s) of disagreement, and those who suffered a flood loss from Hurricane Ivan on September 24 have until September 23, 2005, to file a proof of loss detailing the area(s) of disagreement.

This waiver is pursuant to the provisions dealing with amendments, waivers, and assignments of the SFIP (VII.D. of the SFIP Dwelling Form and General Property Form and VIII.D. of the SFIP Residential Condominium Building Association Policy Form). Since the adjuster availability problem will affect not only claims from the three hurricanes referred to above, but also any other flood events that may occur while the adjustment of claims from those hurricanes is ongoing, this waiver applies to all claims arising on August 12, 2004, and thereafter until December 31, 2004.

Doc. 39, Exh. B.

7  Section J of Article VII of plaintiffs' SFIP in part requires the insured to:
4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
    a. The date and time of loss;
    b. A brief explanation of how the loss happened;
    c. Your interest (for example, "owner") and the interest,
    if any, of other in the damaged property;
    d. Details of any other insurance that may cover the loss;
    e. Changes in title or occupancy of the covered property during the term of the policy;
    f. Specifications of damaged buildings and detailed repair estimates;

must provide specific information necessary for the insurance company to process the claim. Further, the policy provides that as a courtesy the adjuster hired by the insurance company may furnish the insured with a proof of loss form and help with its completion; however, the policy cautions that even if the adjuster does not provide the form or any assistance the insured must nevertheless timely send the company proof of loss.[8] Additionally, under the SFIP an insured may not file suit for coverage unless he has complied with all requirements of the policy.[9]

Strict adherence to the proof of loss requirements is a condition precedent to recovery under a SFIP. See Sanz v. United States Security Insurance Co., 328 F.3d 1314, 1318 (11th Cir. 2003); Suopys v. Omaha Property and Casualty, 404 F.3d 805, 810 (3rd Cir. 2005); Dawkins v. Witt, 318 F.3d 606 (4th Cir. 2003); Mancini v. Redland Insurance Co., 248 F.3d 729, 733-34 (8th Cir. 2001). Substantial compliance is not sufficient; rather, an insured must completely satisfy the proof of loss requirements, including the requirement that the statement be signed and sworn, before an insured can receive benefits under a SFIP. See Sanz, 328 F.3d at 1317. The proof of loss requirements may be waived, but to be effective the waiver must be made by the Federal Insurance

---

       g. Names of mortgagees or anyone else having a lien,
       charge, or claim against the insurance property;
       h. Details about who occupied any insured building at the time of loss and for what purpose; and
       i. The inventory of damaged personal property described
       in J.3. above.

SFIP Article VII.J (see doc. 36-7, pp. 14-15).

8 SFIP Article VII.J.7 (see doc. 36-7, p. 16).

9 Article VII.R of plaintiffs' SFIP provides:

    You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year after the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the covered property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

SFIP Article VII.R (see doc. 36-7, p. 16).

Case No. 3:06cv156/MCR/EMT

Administrator in writing. See id. at 1318-19; see also 44 C.F.R. §§ 61.13(d); SFIP Article VII.D (doc. 36-7 at 13).

Plaintiffs' contention that Mr. Maurstad waived the proof of loss requirements in his September 24, 2004, memorandum fails. The purpose of the second paragraph of the memorandum was to waive the requirement of proof of loss in order "to expedite claims payments" if the insured agreed with the adjuster's evaluation. Claims were to "be payable as soon as practicable after the insurer received the adjuster's report" rather than as long as sixty or ninety days as provided by the SFIP. The third paragraph of the memorandum established the procedure to be followed if the insured disagreed with the adjuster's assessment:

> In the event a policyholder disagrees with the insurer's adjustment, settlement, or payment of the claim, a policyholder may submit to the insurer a proof of loss within one year from the date of the loss.

See doc. 39, exh. B (emphasis added).

The use of the word "may" in third paragraph did not make the filing of a proof of loss statement permissive or optional. Rather, reading the memorandum in its entirety, the court concludes that a reasonable interpretation of this provision is that an insured who disagreed with an adjuster's evaluation had two choices: he could challenge the adjuster's evaluation, in which case the insured was required to submit proof of loss,[10] or he could disagree with the adjuster's evaluation but nevertheless accept it, in which case no proof of loss was required. The example in the memorandum's fourth paragraph that those "who suffered a flood loss from Hurricane Ivan on September 24 [had] until September 23, 2005,[11] to file a proof of loss detailing the area[s] of disagreement" confirms that an insured choosing to contest an adjuster's evaluation was required to submit a proof of loss

---

10 The third paragraph of the memorandum also provides that a "[t]he proof of loss must meet the requirements of VII.J.4 of the SFIP Dwelling or General Property Form." As provided in the regulations, Section VII.J.4 of the SFIP requires submission of "[s]pecifications of damaged buildings and detailed repair estimates." 44 C.F.R. Pt. 61, App. A(1).

11 The court notes that Hurricane Ivan made landfall in the Pensacola area on September 16, 2004, but thereafter also caused extensive flooding in the Southeastern United States as the storm traveled inland.

statement within one year of his loss. Had Mr. Maurstad intended to waive the proof of loss requirements for policyholders contesting an adjuster's evaluation this example would have been unnecessary. The waiver should not be interpreted in a manner that would render any part of it superfluous. See Golden Door Jewelry Creations, Inc. v. Lloyds Underwriters Non-Marine Ass'n, 117 F.3d 1328, 1338 (11th Cir. 1997) ("[A]n interpretation which gives a reasonable meaning to all provisions of a contract is preferred to one which leaves a part useless or inexplicable.").

Plaintiffs also argue that Mr. Robles' statement to Mr. McKee that no further documentation was required constitutes a waiver of the proof of loss requirements. As noted above, because only the Insurance Administrator can waive the proof of loss requirements and such waiver must be in writing, this argument also fails.[12] See Sanz, 328 F.3d at 1318-19; see also 44 C.F.R. §§ 61.13(d); SFIP Article VII.D (doc. 36-7 at 13).

Finally, the court also rejects plaintiffs' contention that Mr. McKee's January 18, 2005, letter is their proof of loss statement. As previously discussed, an insured must fully and strictly satisfy the proof of loss requirements, including the requirement that the statement be signed and sworn. See Sanz, 328 F.3d at 1314. The letter at issue does not bear Mr. McKee's signature nor is it sworn. For these reasons alone the letter does not satisfy the condition precedent to suit. See Mancini, 248 F.3d at 729 (stating that even though insureds provided the information requested of them the forms were not "signed and sworn" as required and thus there was not strict compliance). Moreover, while some of the information required by Article VII.J.4 possibly could be inferred from reading the letter, the letter does not specifically provide the date and time of loss; a brief explanation of how the loss happened; plaintiffs' interest in the damaged property; details of any other applicable insurance; specifications of the damaged buildings and detailed repair estimates; the names of mortgagees or anyone else having a lien, charge, or claim against

---

[12] Plaintiffs do not argue that USAA GIC should be estopped from asserting a proof of loss defense based on Mr. Robles' statements. Had such an argument been made, however, it would be unavailing. The record does not suggest that Mr. Robles' statement should be characterized as constituting "affirmative and egregious" misconduct. See Sanz, 328 F.3d at 1319-20 (indicating that estoppel is the exception rather than rule and warranted only in extreme cases where "affirmative and egregious misconduct by government agents exists.").

Case No. 3:06cv156/MCR/EMT

the property; or details about who occupied the insured building at the time of loss. In addition to lacking an insured's signature and not being sworn, because the January 18, 2005, letter does not provide the foregoing information it does not strictly comply with the proof of loss requirements and thus cannot constitute plaintiffs' required proof of loss statement.

In short, plaintiffs were required to file a proof of loss statement by September 16, 2005, in order to preserve their right to sue. Because they failed to do so, their suit is now barred.[13]  As the evidence before the court shows that there is no genuine issue of material fact remaining for trial and that USAA GIC is entitled to judgment as a matter of law, USAA GIC's motion for summary judgment shall be granted. Fed.R.Civ.P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

Accordingly, it is ORDERED:

1. Defendant USAA GIC's motion for summary judgment (doc. 35) is GRANTED, and plaintiffs' claims are DISMISSED, with prejudice.

2. Consistent with this order, the clerk of court is directed to enter summary judgment in favor of defendant USAA GIC.  Plaintiffs shall take nothing further by this action and hence go without day.

3. Costs shall be taxed against plaintiffs.

**DONE and ORDERED** this 26th day of April, 2007.

                            s/ *M. Casey Rodgers*
                            **M. CASEY RODGERS**
                            **UNITED STATES DISTRICT JUDGE**

---

13  The court notes that its determination that Mr. Maurstad's memorandum did not waive the proof of loss requirements and that submission of a proof of loss is a condition precedent to filing suit for damages for breach of a SFIP is consistent with the decisions in Shuford v. Fidelity Property & Casalty Insurance Co., C.A. 05-0583-CG-B (S.D. Ala. December 18, 2006); Vanderveen v. Allstate Insurance Company, 3:05cv469/WS (N.D. Fla. January 29, 2007); Brown v. USAA General Indemnity Company, 3:06cv191/RS (N.D.Fla. February 9, 2007); and Word v. USAA General Indemnity Company, 3:06cv303/RS (N.D.Fla. February 9, 2007).